JURY TRIAL DEMANDED

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                          )<br>            Plaintiff,                      )<br>                                                          )<br>            v.                                         )<br>                                                          )<br>ORCHARD VILLAGE, LLC,           )<br>ORCHARD VILLAGE KNOLLHAVEN, )<br>LLC, *and* MICHELSON REALTY  )<br>COMPANY, LLC,                         )<br>                                                          )<br>            Defendants.                 )<br>                                                          ) | **COMPLAINT FOR A CIVIL CASE**<br><br>Case No. 4:21-cv-620 |

**COMPLAINT**

The United States alleges as follows:

1. This is a civil action brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("the Fair Housing Act"), 42 U.S.C. § 3601, *et seq*. This action is brought under 42 U.S.C. § 3612(o) on behalf of Complainants Majida Hamad and Toqa Ali and their children.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o).

3. The United States District Court for the Eastern District of Missouri, Eastern Division, is a proper venue for this action under 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to this action occurred in this district and this division, this action concerns real property located in this district and this division, and all defendants reside within this district and this division.

## PARTIES AND SUBJECT PROPERTY

4. Orchard Village Apartments ("Orchard Village") is a 370-unit multi-family development with apartments and townhomes located at 115 Pineycliffe Lane, Manchester, Missouri, in the Eastern District of Missouri. The apartments and townhomes at Orchard Village and the associated common use areas are "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

5. Defendant Orchard Village, LLC is a Missouri Limited Liability Company.

6. Defendant Orchard Village Knollhaven, LLC is a Missouri Limited Liability Company.

7. Defendants Orchard Village, LLC and Orchard Village Knollhaven, LLC jointly own Orchard Village.

8. Defendant Michelson Realty Company, LLC ("Michelson Realty Company") is a Missouri Limited Liability Company.

9. During the relevant time period, Defendant Michelson Realty Company managed Orchard Village and served as the managing agent for Defendants Orchard Village Knollhaven,

LLC and Orchard Village, LLC, compensated by Defendant Orchard Village, LLC pursuant to a written management agreement. Defendant Michelson Realty Company manages a number of residential real estate properties in the State of Missouri.

10. Complainant Majida Hamad is the mother of Huda Ali, currently 19 years of age.

11. Complainant Toqa Ali is the adult daughter of Complainant Majida Hamad and the mother of A.N., currently 7 years of age.

12. Ms. Hamad entered into an annual lease agreement for an apartment at Orchard Village. The lease term lasted from November 2, 2016 until October 29, 2017. Ms. Hamad lived in this apartment with her then-minor daughter, Huda Ali, her adult daughter Toqa Ali, and Toqa Ali's son, A.N.

13. For purposes of this Complaint, the "relevant time period" is the time period during which Ms. Hamad and Ms. Ali leased the apartment at Orchard Village—November 2, 2016 to October 29, 2017.

## FACTUAL ALLEGATIONS

14. On or about November 2, 2016, Ms. Hamad and Huda moved into an apartment unit in Orchard Village.

15. Shortly after, in late November 2016, Ms. Ali and A.N. moved into Orchard Village to live in the apartment with Ms. Hamad and Huda.

16. During the relevant time period, Huda Ali was 16 to 17 years of age.

17. During the relevant time period, A.N. was 3 to 4 years of age.

18. Orchard Village provided several amenity spaces for the benefit of its residents, including a computer room, movie theater, fitness center, aerobics room, an outdoor pool, and a lounge area located in or attached to the development's clubhouse ("Amenities").

19.     During the relevant time period, Defendants implemented and enforced restrictive policies directed at children and families with children. These policies prohibited anyone under 18 years of age from using the Amenities in or attached to the clubhouse without a leaseholder present.

20.     Defendants considered a "leaseholder" to be a person over the age of 18 who had signed a lease agreement.

21.     Defendants' age-restrictive supervision policies were incorporated into tenant leases, communicated to prospective tenants and residents during initial tours, lease signings, and via posted signs and flyers, and enforced by Defendants' employees. Failure to obey the policies constituted a lease violation, which could result in termination of the lease and eviction.

22.     During the relevant time period, Ms. Hamad and Ms. Ali's residency at Orchard Village was governed by the terms of a Lease entered into between Ms. Hamad and a representative of Defendant Michelson Realty Company as the Managing Agent for Defendant Orchard Village, LLC, the Landlord (the "Lease").

23.     Paragraph 10 of the Lease, titled "Rules and Regulations," provides that the tenant must abide by Defendants' "Community Rules and Regulations Addendum."

24.     The "Community Rules and Regulations Addendum" to the Lease provides that "The instructions contained in these rules and regulations are important and become part of your lease agreement as defined in Paragraph 10 of your Lease." Paragraph 22 of the Community Rules and Regulations states that: "For the health and safety of all residents, children under the age of eighteen (18) may not be permitted the use of certain amenities . . . unless accompanied by a parent or guardian."

25. The Lease also included separate addenda addressing use of the pool and fitness center. This addenda provides that "A parent or legal guardian (who is a Tenant) must accompany persons under the age of 18."

26. Orchard Village staff discussed these age-restrictive supervision policies with prospective tenants during their initial tours of the development and when prospective tenants signed their leases.

27. Defendants also advised current residents of Orchard Village of these age-restrictive supervision policies via flyers and posted signs on the property.

28. During the relevant time period, the Amenities were available to all adult occupants of Orchard Village, but they were not available to Huda, who was 16 at the time, without supervision by an adult leaseholder.

29. When Huda first moved to Orchard Village, she wanted to use all of the Amenities. Ms. Hamad and her family did not have a computer or internet access in their home, so Huda wanted to use the computer room to complete her homework and apply for jobs. Huda also wanted to exercise in the fitness center and aerobics room.

30. Ms. Hamad is a single mother, employed as a home-care health aide. During the relevant time period, Ms. Hamad worked weekends and occasionally worked late hours. Because of her work schedule, Ms. Hamad could not often accompany Huda to the Amenities.

31. Ms. Hamad would have liked Huda to be able to use the Amenities. Because Ms. Hamad believed Huda was old enough and responsible, she felt it would be safe to allow Huda to use the Amenities without adult supervision.

32. Because of Defendants' policies prohibiting children under 18 from using the Amenities without supervision by an adult leaseholder, Huda was rarely able to take advantage of the Amenities during the relevant time period.

33. While landlords may, in some circumstances, impose rules and policies governing use of amenities that are narrowly tailored to further a legitimate nondiscriminatory purpose, such as to address reasonable health and safety concerns, Defendants' restrictive policies directed at children were not.

34. During the relevant time period, on at least two occasions, Orchard Village staff directed Huda to leave the Amenities because she was not accompanied by an adult leaseholder. Each time Orchard Village staff told Huda to leave the Amenities, they indicated it was because Huda was a minor and did not have an adult leaseholder with her.

35. On or about December 12, 2016, Orchard Village staff sent Ms. Hamad a notice stating, *inter alia,* "It is . . . a lease violation for anyone under the age of 18 to use the amenities without the legal lease holder over the age of 18. . . . If we find that these lease violations continue we will take further action."

36. These conditions severely restricted the family's enjoyment of Orchard Village. Because Huda was not allowed to use the Amenities without the supervision of an adult leaseholder, she spent long periods of time confined to the apartment while Ms. Hamad was at work.

37. Because of Defendants' age-restrictive supervision policies and their treatment of Complainants' family, Complainants were reluctant to use any of Orchard Village's Amenities and felt unwelcome in their own home.

38. On or about June 5, 2017, Orchard Village staff sent Ms. Hamad a termination of tenancy notice stating, "[Y]our tenancy is terminated as of June 05 2017 . . . because you are in material violation of the terms of your Lease, the Lease Supplement and the Rules and Regulations of the Landlord. In particular, you have violated Paragraphs 9 and 10 of the Lease Supplement which constitutes cause for termination of the Lease." The letter further provided that Ms. Hamad and her family had ten days, or until June 15, 2017, to vacate the apartment and avoid an Unlawful Detainer suit.[1]

39. Paragraph 10 of the Lease refers to the Community Rules and Regulations Addendum, which sets out Defendants' age-restrictive supervision policies.

40. Counsel for Ms. Hamad and Ms. Ali requested that Defendants cease eviction proceedings. On or about June 19, 2017, Orchard Village agreed to rescind the eviction notice terminating Ms. Hamad and Ms. Ali's tenancy.

41. Ms. Hamad and her family still moved out of the apartment prior to the end of the lease term because they felt unwelcome and targeted at Orchard Village and did not want to engage in additional conflict with Orchard Village staff.

42. Huda characterizes the time period after her family received the notices of termination as "the worst time she had to deal with as a teenager." Ms. Hamad and her family continued paying rent on the apartment at Orchard Village until the end of the lease term. As a result, they could not afford to lease another apartment.

43. Ms. Ali and Huda considered their family to be "effectively homeless" during this time. The family researched staying in homeless shelters and stayed with a family friend.

---

[1] Orchard Village staff had sent Ms. Hamad a prior termination of tenancy notice on June 1, 2017, which mistakenly stated that Ms. Hamad violated a provision of the Lease relating to a tenant's timely payment of rent, even though Ms. Hamad's rental payments were up to date.

7

44. After moving out of Orchard Village, Huda and A.N. had to change schools and Ms. Hamad and Ms. Ali faced longer commutes to their places of work and school.

## HUD COMPLAINT AND CHARGE OF DISCRIMINATION

45. On May 29, 2018, Ms. Hamad and Ms. Ali timely filed housing discrimination complaints with the United States Department of Housing and Urban Development ("HUD") on behalf of themselves and their children, pursuant to the Fair Housing Act, 42 U.S.C. § 3610(a), alleging that Defendants discriminated against them and their children on the basis of familial status, national origin, and religion, in violation of 42 U.S.C. § 3604(a), (b), and (c) and 42 U.S.C. § 3617 of the Fair Housing Act.

46. Pursuant to 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based on the information gathered in the investigation, the Secretary determined, pursuant to 42 U.S.C. § 3610(g)(1), that reasonable cause existed to believe that illegal discriminatory housing practices had occurred, including violations of 42 U.S.C. §§ 3604(b) and (c) and 3617. Therefore, on June 18, 2020, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the Defendants with (1) engaging in discriminatory practices on the basis of familial status in violation of 42 U.S.C. § 3604(b) and (c); and (2) interfering with a person in the exercise or enjoyment of rights protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

47. On July 7, 2020, Ms. Hamad and Ms. Ali elected to have the claims asserted in the Charge of Discrimination resolved in a civil action, pursuant to 42 U.S.C. § 3612(a).

48. On July 8, 2020, the Administrative Law Judge presiding over the administrative proceeding issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding.

49. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

50. The United States and Defendants have executed a series of agreements extending the applicable statute of limitations deadline for filing any cause of action under the Fair Housing Act to June 1, 2021.

## **CLAIM FOR RELIEF**

51. The United States re-alleges and incorporates by reference the allegations set forth in Paragraphs 1–50.

52. By their conduct described above, the Defendants have:

   a. Discriminated in the terms, conditions, or privileges of sale or rental of a dwelling because of familial status, in violation of 42 U.S.C. § 3604(b);

   b. Made, printed, published, or caused to be made, printed or published statements with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c); and

   c. Coerced, intimidated, threatened, or interfered with, persons exercising or enjoying their rights under the Fair Housing Act, or on account of persons exercising or enjoying rights protected under the Fair Housing Act, in violation of 42 U.S.C. § 3617.

53. Ms. Hamad, Huda Ali, Toqa Ali, and A.N. are "aggrieved persons" as defined in 42 U.S.C. § 3602(i). They have suffered damages as a result of Defendants' conduct.

54. The Defendants' conduct was intentional, willful, and taken in disregard for the rights of others.

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that Defendants' discriminatory policies and practices, as alleged above, violate the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*;

2. Enjoins Defendants, their representatives, agents, employees, successors, and all others in active concert or participation with any of them from:

    (a) Discriminating against any person on the basis of familial status in violation of the Fair Housing Act in any aspect of the rental of a dwelling;

    (b) Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct; and

    (c) Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of the Defendants' unlawful practices; and

3. Awards such monetary damages, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1), as would fully compensate Complainants.

The United States further prays for such additional relief as the interests of justice may require.

Dated: May 28, 2021

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney
Eastern District of Missouri

/s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN, 43839(MO)
Assistant United States Attorney
Office of the United States Attorney
111 S. Tenth Street, 20th Floor
St. Louis, MO 63102
Tel: 314-539-2200
Fax: 314-539-2777
Email: nicholas.llewellyn@usdoj.gov

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

/s/ Samantha Ondrade
SAMEENA SHINA MAJEED
Chief
CATHERINE BENDOR
Special Litigation Counsel
SAMANTHA ONDRADE, 1044096(DC)
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: 202-305-5325
Fax: 202-514-1116
E-mail: samantha.ondrade@usdoj.gov

Attorneys for Plaintiff
United States of America